# The People of the State of Illinois ex rel. Motor Car Securities Corporation, Appellee, v. Thomas O. Wallace, Clerk of the Circuit Court of Cook county, Illinois, Appellant.

## Gen. No. 32,117.

EXECUTIONS—*issuance on transcript of judgment of municipal court.* Under section 63 of the Municipal Court Act, Cahill's St. ch. 37, ¶ 476, the clerk of the circuit court of Cook county has authority to issue an execution on a transcript of a judgment of the municipal court filed in his office as prescribed in said section.

Appeal by defendant from the Superior Court of Cook county; the Hon. WORTH E. CAYLOR, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1927. Affirmed. Opinion filed February 14, 1928.

ROBERT E. CROWE, State's Attorney, GEORGE A. MILLER and LEROY MILLNER, Assistant State's Attorneys, for appellant; GEORGE F. BARRETT, CHARLES V. BARRETT, CLIFFORD R. EDMISTER and EDWARD L. HOYER, of counsel.

MORT D. and FRANK GOLDBERG, for appellee; MORT D. GOLDBERG, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This is a petition for a writ of mandamus to which defendant filed a demurrer. The demurrer was overruled and defendant stands by the same.

The sole question presented on the appeal from the order for the writ is whether under the provisions of section 63 of the Municipal Court Act, Cahill's St. ch. 37, ¶ 456, on which the petition is based, the clerk of the circuit court of Cook county has authority to issue an execution on a transcript of a judgment of the municipal court, filed in his office as prescribed in said section.

The sufficiency of the petition is not otherwise questioned.

The judgment was for $175 and the transcript thereof was duly certified and filed with said clerk, who refused petitioner's demand for an execution directed to the sheriff of Cook county against the lands, etc., of the judgment debtor in Cook county.

Said section provides inter alia that a judgment in the municipal court for less than $200 shall be a lien upon real estate in the county outside of the city from the time of the filing of a transcript thereof in the office of the clerk of the circuit court, and that executions against the same shall be directed to the sheriff (unless disqualified). Its final paragraph reads:

"Executions against lands, tenements, goods and chattels outside of the city of Chicago, shall be directed to the sheriff    *    *    *. Any execution, issued on any judgment of which a transcript has been filed in the office of the clerk of the Circuit Court of any county in this State, shall throughout the county in which said transcript is filed as aforesaid, be of the same force, have the same effect, be a lien to the same extent and be executed in the same manner as if said execution had issued on a judgment of the Circuit Court of Cook County."

Because the act does not expressly direct the clerk of the circuit court to issue an execution upon such transcript, it is contended that the purpose of the section is merely to make judgments of the municipal court liens, and to announce that they shall be executed and enforced in the same manner as judgments of the circuit court. The statute, however, clearly provides that the lien shall be enforced by the levy of an execution, and that it shall be issued to the sheriff of the county where the property is situate. Somebody must issue it. While under the general statute on judgments, decrees and executions, a person obtaining a judgment may have an execution directed to the proper

officer of any county in the State (Cahill's St. ch. 77, ¶ 4), it does not expressly direct the clerk to issue it. Its issuance is manifestly one of the duties pertaining to his office, all of which he is required to perform. (Cahill's St. ch. 25, ¶ 13.)

Said section 63, Cahill's St. ch. 37, ¶ 456, clearly contemplates that the enforcement of a judgment of the municipal court against lands, etc., outside of its jurisdictional limits must be attended with the same formalities and done in the same manner as if the judgment were one of the circuit court. To that end it requires the transcript to be filed with the clerk of the circuit court, whose jurisdiction extends over such lands, etc., and that an execution shall issue thereon to the officer of that court who executes its processes. Who shall issue it then if not the clerk of that court who exercises that ministerial function? There is no pretense that any other officer has authority to issue it. While the judgment is not one of that court, the purpose of the act is to give it the same effect as if it was, so far as having it enforced outside of the jurisdictional limits of the municipal court is concerned, and contemplates its enforcement through the usual formalities by the officers of the circuit court. If the execution cannot issue because of the absence from the statute of an express provision as to who shall issue it, then the statute becomes wholly ineffective to carry out its object. Surely it should not be defeated if there are implied means for its enforcement. The legislature did not intend an absurdity. Considering the purpose of the statute is to enable one obtaining a judgment in the municipal court to levy on property beyond its jurisdictional limits, and to that end the statute provides for the issuance of an execution thereon directed to the sheriff of the county wherein the property is situate on the filing of a duly certified transcript of the judgment with the clerk of the circuit court of that

county, and that the execution is to be enforced in the same manner as if it were upon a judgment of that court, we think there is a clear implication of the power and duty of the clerk of said court to issue such execution on a proper demand therefor.

We do not think the authorities cited by appellant are apposite. The order for the writ is sustained.

*Affirmed.*

GRIDLEY and SCANLAN, JJ., concur.